UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 16-4196 DSF (PLAx) | Date | 08/29/16 |
| Title | Philip Garcia v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Docket No. 16)

Plaintiff Philip Garcia brings employment discrimination, retaliation, and defamation claims. He moves for remand for lack of federal removal jurisdiction due to the presence of Defendant Melissa White, who destroys complete diversity. Defendants contend White's presence should be ignored for purposes of diversity jurisdiction, as she was fraudulently joined. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against them. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in [s]tate court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)).

Garcia asserts a cause of action for defamation against White.[1] During Garcia's tenure as a Wells Fargo branch manager, White received an email accusing Garcia of opening fake accounts. (Compl. ¶ 15.) After a corporate investigation, White notified the Regional President and Garcia that Garcia's name had been cleared of any wrongdoing. (Id. at ¶ 23.) Wells Fargo then terminated Garcia for his "failure to ensure proper oversight and adherence to sales quality standards." (Id. at ¶ 26.) The defamation claim stems from an allegedly false statement or statements made by White to several employees that Garcia had been fired due to "ethics violations." (Id. at ¶ 27.)

Defendants argue that the claim fails because Garcia does not allege the defamatory statement(s) with sufficient specificity as to timing, recipients, frequency, and privileged nature. The Court disagrees. Under California law, "[l]ess particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense." Okun v. Superior Court, 29 Cal. 3d 442, 458 (1981). Further, a defamation claim is not defective so long as "the substance of the defamatory statement" is alleged. Id.

Defendants also argue that the alleged defamatory statement(s) are subject to the common interest privilege because Garcia fails to show that White made the statement(s) with malice.[2] The Court need not address whether Garcia has made this showing.

---

[1] The following facts appear as alleged in the Complaint.

[2] Defendants also contend that the present motion should be denied because Garcia failed to meet and confer prior to filing this motion in violation of Local Rule 7-3 and this Court's Standing Order. To the extent that Garcia has failed to do so, the Court admonishes him that future transgressions of this Court's Local Rules and Standing Orders may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

"Privilege is an affirmative defense to a claim of defamation." Beroiz v. Wahl, 84 Cal. App. 4th 485, 492 (2000). Affirmative defenses that "require[] an inquiry into the merits of the plaintiff's claims" should not be considered for purposes of fraudulent joinder. See Hunter, 582 F.3d at 1045.

Even if any of these issues would be closer in the context of a motion to dismiss for failure to state a claim, the standard for fraudulent joinder is higher. The Court finds that there is at least "a possibility that a state court would find that the complaint states a cause of action" for defamation.[3] Id. at 1046 (citation and quotation marks omitted). The motion to remand for lack of subject matter jurisdiction is GRANTED.

IT IS SO ORDERED.

---

[3] Therefore, the Court need not address any defamation claim arising from the Form U5 disclosure.